NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 25 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10433 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00046-GEB-1 |
| v. | |
| SERGIO ROMAN BARRIENTOS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted April 14, 2020[**]
San Francisco, California

Before: PAEZ and CLIFTON, Circuit Judges, and HARPOOL,[***] District Judge.

Defendant Sergio Roman Barrientos appeals his judgment and commitment

after pleading guilty to a single count of conspiracy to commit wire fraud affecting

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

a financial institution. Barrientos challenges the district court's application of a four-level leadership enhancement and denial of a one-level downward adjustment for acceptance of responsibility; denial of his request for an evidentiary hearing; and compliance with Rule 32 of the Federal Rules of Criminal Procedure. We affirm.

We review the district court's application of the Sentencing Guidelines to the facts for abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (*en banc*). A court abuses its discretion if it applies the wrong legal standard or reaches a conclusion that is "illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009).

First, Barrientos's role as an organizer or leader of criminal activity supports a four-level role adjustment. The record establishes that Barrientos created Capital Access, hired the co-conspirators to help execute the scheme, and had primary control of the shell company into which the fraudulently obtained monies were deposited. The district court did not abuse its discretion in applying the four-level enhancement because Barrientos's leadership role is supported by evidence in the record.

Further, the district court did not err in determining that Barrientos was not entitled to a credit for acceptance of responsibility. The district court found that

the government had engaged in extensive trial preparation by the time Barrientos provided notice of his intent to plead guilty. Further, Barrientos's guilty plea came less than a month before trial. Here, the district court did not abuse its discretion when the facts in the record support its determination.

We review the district court's decision "whether to hold an evidentiary hearing at sentencing for abuse of discretion." *United States v. Laurienti*, 731 F.3d 967, 971 (9th Cir. 2013). "[T]here is no general right to an evidentiary hearing at sentencing." *Id*. at 972. The sentencing court "may permissibly deny a hearing where a defendant is allowed to rebut the recommendations and allegations of the presentence report either orally or through the submission of written affidavits or briefs." *United States v. Sarno*, 73 F.3d 1470, 1502 (9th Cir. 1995).

Barrientos argues on appeal that the court's denial of an evidentiary hearing to present live witness testimony of his treating physician was an abuse of discretion because the doctor's testimony was relevant to Barrientos's request for a downward departure or variance based on his age and poor health.

Barrientos submitted informal objections and formal objections to the PSR. Barrientos also filed supplemental exhibits, voluminous medical records, and a brief in support of his requested departure. At sentencing, Barrientos's counsel argued his objections to the PSR. The district court did not abuse its discretion in denying the evidentiary hearing because Barrientos had the opportunity to try to

3

rebut the recommendation through written briefs prior to sentencing and presented his objections at sentencing.

"We review de novo whether a district court complied with Rule 32 of the Federal Rules of Criminal Procedure in making its determinations at sentencing." *United States v. Job*, 871 F.3d 852, 868 (9th Cir. 2017). "Rule 32 states that the district court 'must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing.'" *Id*. at 869 (quoting Fed. R. Crim. P. 32(i)(3)(B)).

Barrientos objected to the recommendation for imposition of a four-level increase under USSG § 3B1.1(a) arguing he did not lead, manage, or exercise any control and was a co-equal participant in the enterprise. Here, the district court overruled the objection both during the sentencing hearing and in a subsequent written order explaining its reliance upon the investigative reports for resolving the factual dispute. We find the district court complied with Fed. R. Crim. P. 32.

**AFFIRMED.**